LAW OFFICES OF ANNABEL H. CHANG APC
Annabel H. Chang (SBN: 267261)
annabel@ahc-law.com
39116 Fremont Hub #1121
Fremont, CA 94538
Telephone: (510) 404-8186
*Attorney for Defendant Chen Shi*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>CHEN SHI, GUANGDONG OPPO MOBILE TELECOMMUNICATIONS CORP., LTD., and INNOPEAK TECHNOLOGY, INC.,<br><br>　　　　　　　　　　Defendants. | CASE NO.  5:25-CV-07105-EKL<br><br>**DEFENDANT CHEN SHI'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:　　　December 17, 2025<br>Time:　　　10:00 a.m.<br>Courtroom: 7<br>Judge:　　　Hon. Eumi K. Lee<br><br>Trial Date:  None Set |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 17, 2025 at 10:00 a.m. or as soon thereafter as the matter may be heard in the above-entitled Court, the Honorable Eumi K. Lee presiding, located at the San Jose Courthouse, Courtroom 7, 5th Floor, 280 South 1st Street, San Jose, CA 95113, Defendant Chen Shi ("Dr. Shi") will and hereby does move this Court for an order dismissing Plaintiff Apple Inc.'s ("Apple") Complaint as to Dr. Shi pursuant to Federal Rule of Civil Procedure 12(b)(6).

Pursuant to section VIII(A) of the Court's Standing Order for Civil Cases, counsel for Dr. Shi certifies that it met and conferred with counsel for Apple regarding the substance of this motion on October 10, 2025. No agreement could be reached.

This motion is made on the grounds that Apple's Complaint fails to state a claim for which relief may be granted against Dr. Shi.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the other pleadings and filings on record in this action, as well as other written or oral argument that Dr. Shi may present to the Court.

Dated: October 20, 2025         LAW OFFICES OF ANNABEL H. CHANG APC

                                By:  /s/ *Annabel H. Chang*
                                     Annabel H. Chang
                                     Attorney for Defendant
                                     CHEN SHI

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………….1

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND........................................................................................... 2

III. LEGAL STANDARD...................................................................................................... 4

IV. ARGUMENT ................................................................................................................... 4

    A.    Apple's Breach of Contract Claim Against Dr. Shi Fails to State a Claim upon Which Relief Can Be Granted ........................................................................ 4

        1.    The IPA Is Void as an Unlawful Restraint of Trade.................................. 5

        2.    Apple Does Not Adequately Plead a Breach of the IPA ........................... 6

        3.    Apple Has Not Alleged Harm from the Alleged Breach of the IPA ........ 10

V. CONCLUSION.............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page**

### Cases

*Aguilera v. Pirelli Armstrong Tire Corp.*,
    223 F.3d 1010 (9th Cir. 2000) .................................................................................................. 10

*Artec Grp., Inc. v. Klimov*,
    No. 15-CV-03449-EMC, 2016 WL 8223346 (N.D. Cal. Dec. 22, 2016) .......................... 7

*Buttram v. Owens–Corning Fiberglas Corp.*,
    16 Cal.4th 520 (1997) ............................................................................................................ 10

*D'Sa v. Playhut, Inc.*,
    85 Cal. App. 4th 927 (2000) ................................................................................................... 5

*Delphix Corp. v. Actifo, Inc.*,
    No. 5:13-cv-04613-BLF, 2014 WL 4628490 (N.D. Cal. Mar. 19, 2014) ......................... 4

*Dowell v. Biosense Webster, Inc.*,
    179 Cal. App. 4th 564 (2009) ............................................................................................ 5, 6

*Edwards v. Arthur Andersen LLP*,
    44 Cal. 4th 937 (2008) ........................................................................................................ 1, 5

*Gutierrez v. State Farm Ins. Co.*,
    No. 12-5846 PSG, 2013 WL 2403651 (N.D. Cal. May 31, 2013) .................................... 5

*KLA-Tencor Corp. v. Murphy*,
    717 F. Supp. 2d 895 (N.D. Cal. 2010) ................................................................................ 10

*Pellerin v. Honeywell Int'l, Inc.*,
    877 F. Supp. 2d 983, 989 (S.D. Cal. 2012) ................................................................. 8, 9, 10

*Richmond Techs., Inc. v. Aumtech Bus. Solutions*,
    No. 11-CV-2460-LHK, 2011 WL 2607158 (N.D. Cal. July 1, 2011) ............................... 5

*Sensible Foods, LLC v. World Gourmet, Inc.*,
    No. 11-2819 SC, 2011 WL 5244716 (N.D. Cal. Nov. 3, 2011) ........................................ 7

*Spice Jazz LLC v. Youngevity Int'l, Inc.*,
    2020 WL 6484640, at *4 (S.D. Cal. Nov. 4, 2020) ............................................................ 9

*SriCom, Inc. v. EbisLogi, Inc*
    No. 12-cv-904-LHK, 2012 WL 4051222 (N.D. Cal. Sept. 13, 2012). ......................... 7, 10

### Statutory Authorities

California Business and Professions Code § 16600 ............................................................ 1, 5, 6

**Rules and Regulations**

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 2, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

It is widely recognized that employees in the technology industry frequently move between companies—including direct competitors—as part of ordinary career progression.[1] This mobility is a hallmark of Silicon Valley and is protected by California's long-standing policy favoring employee freedom and open competition. *See Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008). Such transitions are common practice, not cause for suspicion.

Yet Plaintiff Apple Inc. ("Apple") attempts to portray its former employee, Defendant Chen Shi ("Dr. Shi"), as a wrongdoer for doing exactly what thousands of engineers in this District do every year—pursuing a new opportunity with another technology company. Apple's Complaint cobbles together a hodgepodge of ordinary workplace events—text messages, internal meetings, and routine file access—into a speculative narrative of misconduct, without alleging a single concrete fact showing that Dr. Shi used or disclosed any confidential information after leaving Apple.

Apple asserts a single claim against Dr. Shi for breach of his employee confidentiality agreement (the "IPA"), but that claim fails as a matter of law. As explained below, the IPA is void under California Business and Professions Code § 16600 because it sweeps far beyond the protection of trade secrets and operates as an unlawful restraint on Dr. Shi's right to work. Even if it were enforceable, Apple pleads no facts showing a breach, as the Complaint contains no factual allegation that Dr. Shi transferred, used, or disclosed any confidential information outside of Apple. Finally, Apple fails to allege any resulting harm, offering only boilerplate assertions of "irreparable injury."

The issue to be decided is whether Apple's conclusory allegations—that Dr. Shi supposedly "transferred" or "used" confidential information, without identifying any specific information, disclosure, or injury—are sufficient to state a plausible claim for breach of contract

---

[1] Sumit Upadhyay, The Job Hopping Phenomenon: A Case Study on Employees Changing Jobs Every 2-3 Years, LinkedIn (June 8, 2024), https://www.linkedin.com/pulse/job-hopping-phenomenon-case-study-employees-changing-jobs-upadhyay-b4ptf/
.

under Rule 12(b)(6). They are not. Apple's Complaint rests on speculation and inference rather than well-pleaded facts, and should therefore be dismissed in its entirety.

## II.  FACTUAL BACKGROUND

After obtaining his Ph.D. from Columbia University in electrical engineering focused on biomechanical devices, Dr. Shi began work at Apple in or around January 2020 as a Sensor System Architect.

According to the Complaint, Dr. Shi executed the IPA before starting his first day at Apple. Dkt. No. 1 ("Compl.") ¶ 4. The IPA legally obligates Apple employees to protect and not disclose Apple's confidential information to unauthorized third parties and is clear that this obligation continues after an employee leaves Apple. Compl. ¶ 54. Specifically, the IPA calls such confidential information "Proprietary Information," and defines it, in relevant part, as:

> All information not generally known outside Apple and/or kept confidential by Apple, including for example but not limited to (a) trade secrets, R&D records, reports, samples, manuals, plans, specifications, inventions, ideas, designs, prototypes, software, source code, or any other materials or information relating to past, existing, and future products and services whether or not developed, marketed, used, or rejected by Apple or persons or companies dealing with Apple [. . ..]

Compl. Ex. 2 at 3.

While Dr. Shi was generally content with his position and role at Apple, he desired to broaden his experience to other areas of health sensing. To learn more about such areas, he regularly met 1-on-1 with other Apple employees. In its Complaint, however, Apple claims that such meetings "were in furtherance of Defendants' illegal and improper scheme" because Dr. Shi had "no legitimate business purpose for arranging these meetings, which covered projects that Dr. Shi was not involved with at Apple, including about future technologies beyond the scope of Dr. Shi's role." *Id.* ¶ 73.

Believing his potential at Apple to be somewhat limited, in early 2025 Dr. Shi began to explore career opportunities with companies in similar fields. He learned that Dr. Zijing Zeng, an employee of Defendant Guangdong OPPO Mobile Telecommunications Corp., Ltd. ("OPPO") had moved from Apple to lead the OPPO Health team, and connected with him in April 2025 initially to seek his advice on career advancement.

1    As Apple itself admits, Dr. Shi used his Apple-issued work devices to communicate with Dr. Zeng. *Id.* ¶ 65. In or around May 2025, the two discussed an open position at OPPO, and Dr. Shi decided to join the company. *Id.* ¶ 70.

In the weeks leading up to Dr. Shi's resignation from Apple, he allegedly transferred approximately 63 files from Apple's shared file site at Box (the "Box files") into a folder called "Apple Related" on his Apple-issued MacBook. *Id.* ¶ 78. Of the 63 Box files, however, Apple only identifies 10 files as allegedly trade secret and confidential documents. *Id.* ¶ 80.

Apple then alleges that Dr. Shi copied the "Apple Related" folder from the Apple-issued MacBook to his USB hard drive, but **_does not_**, and in fact **_cannot_** allege that Dr. Shi copied the Box files to his USB hard drive. *Id.* ¶ 81 (emphasis added).

Rather, Apple alleges that the folder structures on the USB hard drive are the same as the folder structures on Dr. Shi's Apple-issued MacBook, which "evidences his wholesale copying of that folder." *Id.*

Apple admits that "departing employees must return Apple devices, including laptops and mobile devices, as well as their badges and other Apple-owned equipment." *Id.* ¶ 81. Since Apple was able to inspect Dr. Shi's Apple-issued work devices (and in fact has extensively referred in the Complaint to communications it retrieved from such devices), it follows that Dr. Shi complied with Apple policy and returned his Apple-issued work devices, including the Apple-issued MacBook, before June 27, 2025, his last day at the company. *See id.* ¶ 65.

Notably, Apple does not make any factual allegations that Dr. Shi has either used or disclosed the Box files, or any other proprietary information since leaving Apple. Apple only alleges in a conclusory fashion that Dr. Shi transferred, published, disclosed, or reported Apple's proprietary information not generally known outside of Apple and used such information outside the course of performing his duties for Apple and other than for the sole benefit of Apple. Compl. ¶ 112.

Apple further alleges that as a proximate result of Dr. Shi's actions, Apple was damaged and has suffered "irreparable harm." *Id.* ¶¶ 112-114. However, Apple fails to provide any details about the alleged injury.

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (internal citation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. In assessing a motion to dismiss under Rule 12(b)(6), a two-prong approach is used. *Id.* First, the court discounts conclusory statements, and second, the court determines whether any of the factual allegations, which are assumed as true, plausibly give rise to relief. *Iqbal*, 556 U.S. at 679-80.

This Court has held that absent an additional detail explaining the basis of its beliefs, an allegation made only on "information and belief" is merely a surplusage and thus "creates a further inference that plaintiff likely lacks knowledge of underlying facts to support the assertion, and is instead engaging in speculation to an undue degree." *Delphix Corp. v. Actifo, Inc.*, No. 5:13-cv-04613-BLF, 2014 WL 4628490, at *2 (N.D. Cal. Mar. 19, 2014).

## IV. ARGUMENT

### A. Apple's Breach of Contract Claim Against Dr. Shi Fails to State a Claim upon Which Relief Can Be Granted

Apple alleges that Dr. Shi breached the IPA by not holding Apple's proprietary information in confidence and by transferring, publishing, disclosing, or reporting Apple's proprietary information not generally known outside of Apple and using such information outside the course of performing his duties for Apple and other than for the sole benefit of Apple. Compl. ¶ 112. Dr. Shi further allegedly breached the IPA by "transferring materials and property belonging to Apple, including by transferring Apple's trade secret documents to a personal external storage drive for his and the OPPO Defendants' ongoing possession and use." *Id.* ¶ 113.

A claim for breach of contract requires "(1) the existence of the contract; (2) plaintiff's performance or excuse of nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." *Gutierrez v. State Farm Ins. Co.*, No. 12-5846 PSG, 2013 WL 2403651, at *5 (N.D. Cal. May 31, 2013) (citation omitted). Apple has failed to state a claim for breach of contract for three reasons. First, Apple does not plead a valid contract because the IPA is void as an unlawful restraint of trade under California Business and Professions Code Section 16600. Second, Apple fails to plead facts that plausibly suggest Dr. Shi breached the IPA. Third, Apple has failed to assert an injury resulting from Dr. Shi's alleged breach.

### 1. The IPA Is Void as an Unlawful Restraint of Trade.

Apple has not pleaded, and cannot plead, the existence of a valid contract. California Business and Professions Code Section 16600 states that "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." California courts "have consistently affirmed that section 16600 evinces a settled legislative policy in favor of open competition and employee mobility." *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008) (citing *D'Sa v. Playhut, Inc.*, 85 Cal. App. 4th 927, 933 (2000)). Following *Edwards*, cases are clear that contracts that are not tailored to trade secret protection are unenforceable. *See Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 576 (2009); *see also Richmond Techs., Inc. v. Aumtech Bus. Solutions*, No. 11-CV-2460-LHK, 2011 WL 2607158, at *18 (N.D. Cal. July 1, 2011) (noting that broad employment agreements not targeted at protecting employer trade secrets "are likely to be found unenforceable under California law.")

DEFENDANT CHEN SHI'S MOTION TO DISMISS                          CASE NO. 5:25-CV-07105-EKL

*Dowell* is particularly instructive. There, the plaintiff sued its former employees for breach of a broadly worded "Employee Secrecy, Non-Competition and Non-Solicitation Agreement." 179 Cal. App. 4th at 567-68. That agreement purported to restrict the former employees' use of "CONFIDENTIAL INFORMATION," a term defined to include "information disclosed to [the employee] or known by [her] as a result of [her] employment by the COMPANY… about products, processes, technologies, machines, customers, clients, employees, services and strategies of the COMPANY." *Id.* at 568. The Court held that this agreement was void and unenforceable as an unlawful restraint of trade under Section 16600. *Id.* at 574–75. Specifically, the *Dowell* court held that whether or not a "trade secret exception" exists to Section 16600, the agreement at issue was "not narrowly tailored or carefully limited to the protection of trade secrets, but [] so broadly worded as to restrain competition." *Id.* at 577–78.

Here, as in *Dowell*, the IPA is void under Section 16600. Apple alleges that Dr. Shi breached the IPA, which purports to restrict use of Apple's "Proprietary Information," a broad umbrella term defined to include more than just trade secrets. Indeed, just like in *Dowell*, the IPA defined "Proprietary Information" to include "reports," "manuals," "plans," and "specifications," as well as even broader concepts such as "designs" and "ideas." *See, e.g.*, Compl. Ex. 2 at 3. "Proprietary Information" in the IPA is as broad as, if not broader than, the same term used in the unenforceable employee agreement in *Dowell*. 179 Cal. App. 4th at 578. Indeed, Apple attempts to use this unenforceable provision to restrict Dr. Shi's pursuit of a career in the health sensing industry—an overbroad restraint on Dr. Shi's livelihood.

Further, as in *Dowell*, the Court does not need to determine whether a "trade secret exception" to Section 16600 exists to find the IPA void. Apple's Complaint makes clear that the IPA is **not** narrowly tailored to protect Apple's trade secrets. Indeed, the IPA states that it protects not only "trade secrets," but also information in categories other than trade secrets, such as "personnel information." Compl. Ex. 2 at 3.

### 2. <u>Apple Does Not Adequately Plead a Breach of the IPA</u>

1    A complaint is deficient "if it tenders 'naked assertion[s]' devoid of "further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Yet conclusory allegations and naked assertions are all that Apple includes in its contract claim.

*SriCom, Inc. v. EbisLogi, Inc.* is analogous and informative on a plaintiff's burden to plead breach. No. 12-cv-904-LHK, 2012 WL 4051222 (N.D. Cal. Sept. 13, 2012). There, the plaintiff alleged breach of a confidentiality clause in a contract between the parties. 2012 WL 4051222 at *5–6. The complaint alleged that defendants "revealed" vague categories of information—"customer information, employee information, and pricing information"—but failed to "allege any facts concerning what specific information was revealed, when, how, or to whom it was revealed, or whether or how [the defendants] used this information." *Id*. at *6 (emphasis added). This Court dismissed the breach of contract claim based on the confidentiality clause because the allegations amounted to a "conclusory assertion that there [had] been a breach, with no factual support." *Id*; *see also Sensible Foods, LLC v. World Gourmet, Inc.*, No. 11-2819 SC, 2011 WL 5244716, at *5 (N.D. Cal. Nov. 3, 2011) (finding "the Complaint states 'Defendants failed to perform … under the confidentiality agreements [sic], including, but not limited to disclosing all or a portion of Plaintiff's Confidential Information' … Such '[t]hreadbare recitals of the elements of a cause of action' are insufficient to state a claim under *Iqbal*").

### a.    Apple Does Not Allege Transfer of Proprietary Information

As an initial matter, Apple does not identify the confidential information at issue with specificity. This alone dooms Apple's breach of contract claim. *Artec Grp., Inc. v. Klimov*, No. 15-CV-03449-EMC, 2016 WL 8223346, at *4 (N.D. Cal. Dec. 22, 2016) (dismissing claim for breach of a non-disclosure agreement for failing to "identify with specificity what confidential information is at issue."). Out of the 63 Box files, Apple vaguely claims that 10 files are "trade secret and confidential documents" but never alleges which parts of these documents have trade secrets or confidential information, or that Dr. Shi even knew that the 63 Box files contained trade secrets and confidential information.

1   More importantly, Apple does not allege that Dr. Shi copied these 10 "trade secret and confidential" documents – or **_any other of the 63 Box files_** – onto his USB hard drive. The only factual allegations regarding any "transferring, publishing, disclosing, or reporting Apple's proprietary information" are that Dr. Shi transferred the Box files to his Apple-issued MacBook, which was returned to Apple before his departure. Compl. ¶ 78. Apple's forensic assertion falls short of establishing that Dr. Shi copied any files from his work device. Apple alleges that certain folders on a personal USB drive "had the same folder structure" as those on Dr. Shi's Apple-issued MacBook—nothing more. *Id.* ¶ 81. That observation, even if accurate, does not amount to an allegation that a transfer occurred, let alone that Dr. Shi engaged in "wholesale copying." Apple's conclusion of "copying" is therefore only an inference—one unsupported by technical proof and insufficient to state a plausible claim of breach, because nothing in the IPA prohibits employees from downloading files from Apple's Box site to their Apple-issued devices, and then returning such Apple-issued devices to Apple.

### b.   Apple Fails to Allege Dr. Shi's Use or Disclosure

Apple does not plausibly allege that Dr. Shi actually used or disclosed any proprietary information in violation of the IPA. Instead, Apple relies on conclusory assertions that merely restate the elements of a claim. Apple alleges that Dr. Shi transferred, published, disclosed, or reported Apple's proprietary information and that he used "such information outside the course of performing his duties for Apple and other than for the sole benefit of Apple." Compl. ¶ 112. But these allegations are wholly unsupported by facts identifying what information was purportedly disclosed, when or how any disclosure occurred, or to whom. Apple does not identify a single Apple document, file, or communication that Dr. Shi allegedly shared, nor does it allege that OPPO or defendant Innopeak Technology, Inc. ("Innopeak") ever received or used any Apple information.

Such threadbare allegations are insufficient to state a claim for breach. In *Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012), the court rejected claims predicated on bare allegations that a former employee disclosed confidential information to a competitor, explaining that a plaintiff must allege facts demonstrating that the information was

1  actually "used and/or disclosed." *Id.* Apple's complaint offers no such factual basis. At most, it
2  speculates that Dr. Shi's subsequent employment somehow involved the use of Apple
3  information. Courts have consistently held that such conjecture is insufficient. *See, e.g.*, *Spice*
4  *Jazz LLC v. Youngevity Int'l, Inc.*, 2020 WL 6484640, at *4 (S.D. Cal. Nov. 4, 2020) (allegations
5  made solely "on information and belief" without factual underpinning fail to state a claim).

### c. Dr. Shi's Meetings with Other Apple Employees Do Not Amount to a Breach of the IPA

Apple's failure to allege any actual use or disclosure of proprietary information is underscored by its reliance on Dr. Shi's internal one-on-one meetings while he was still employed at Apple. Unable to identify a single document, file, or communication that Dr. Shi transmitted outside the company, Apple instead speculates that the meetings themselves constituted misconduct. Compl. ¶¶ 72–73. But these allegations, even if taken as true, do not plausibly show a breach of the IPA.

The IPA does not forbid employees from meeting with colleagues, exchanging ideas, or discussing ongoing or future projects. Apple's own allegations confirm that these meetings occurred internally, involved other Apple employees, and took place while Dr. Shi was still an Apple employee. Nothing in the Complaint suggests that Dr. Shi disclosed Apple information to OPPO or anyone outside the company as a result of those meetings.

Apple instead infers wrongdoing from the timing and number of meetings—asserting that Dr. Shi "secured and held these meetings on behalf of and with approval from the OPPO Defendants" and under "false pretenses" of internal collaboration. Compl. ¶ 73. But such speculation about motive or intent does not transform ordinary internal communications into a contractual breach.

Even crediting Apple's characterization that Dr. Shi sought information "about future technologies beyond the scope of his role," that allegation at most describes internal discussions while still employed by Apple—not any *use* or *disclosure* of confidential information outside the company. Compl. ¶ 73. The IPA does not prohibit employees from learning about other teams' work or pursuing career exploration within Apple, and Apple does not identify with any

-9-
DEFENDANT CHEN SHI'S MOTION TO DISMISS                    CASE NO. 5:25-CV-07105-EKL

1  specificity any of the proprietary information that Dr. Shi allegedly learned from these meetings
2  and then used or disclosed outside of Apple. Without factual allegations that Dr. Shi transmitted
3  or exploited any of such information for OPPO or Innopeak's benefit, the Complaint fails to state
4  a plausible breach. *See*, *e.g.*, *SriCom, Inc. v. EbisLogi, Inc.*, No. 12-cv-0904-LHK, 2012 WL
5  4051222, at *6 (N.D. Cal. Sept. 13, 2012) (dismissing breach claim where plaintiff failed to
6  allege "what specific information was revealed, when, how, or to whom"); *Pellerin v. Honeywell*
7  *Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012) (rejecting conclusory allegations that a
8  former employee "used and/or disclosed" confidential information).

### 3.     Apple Has Not Alleged Harm from the Alleged Breach of the IPA

Apple has not alleged facts supporting any injury resulting from Dr. Shi's claimed breach of the IPA. In its complaint, Apple states in conclusory terms that it "has been damaged" and "has suffered and will continue to suffer irreparable harm" as a result of Dr. Shi's breach. Compl. ¶¶ 114-115. Such conclusory statements of law are not sufficient—to adequately plead a breach of contract claim, Apple must allege specific facts showing that it has actually suffered harm.

As courts in this District have found, it is not sufficient to show that an employee "retained information defined in [their] contract as confidential information, in contravention of [a] provision requiring [them] to return confidential material[.]" *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 907 (N.D. Cal. 2010). Rather, to support a claim for breach of contract, the plaintiff must also "demonstrate[ ] that it was damaged by such conduct." *Id.* Facts showing that an employee "used or disclosed" confidential information are required to demonstrate harm. *See id.* ("plaintiff has not demonstrated that it was damaged by" an employee's retention of confidential information since "[t]here is not even a suggestion . . . that [the employee] used or disclosed any confidential information"); *see also Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1015 (9th Cir. 2000) ("[T]o be actionable, harm must constitute something more than nominal damages, speculative harm, or the threat of future harm-not yet realized ..." (quoting *Buttram v. Owens–Corning Fiberglas Corp.,* 16 Cal.4th 520, 531 n. 4 (1997)). Yet here, Apple has not alleged any facts showing that Dr. Shi has transferred, used, or disclosed Apple's

proprietary information in violation of the IPA. As Apple is unable to allege any injury caused by Dr. Shi's purported breach, Apple's breach of contract claim must be dismissed with prejudice.

## V. CONCLUSION

Apple's sole claim against Dr. Shi fails as a matter of law. The IPA is void under Section 16600 because it sweeps far beyond protection of trade secrets and operates as an unlawful restraint on Dr. Shi's right to work. Even if it were enforceable, Apple does not plead facts showing a breach: the Complaint identifies no specific proprietary information that Dr. Shi transferred, used, or disclosed outside Apple, and its reliance on ordinary internal meetings cannot salvage the claim. Finally, Apple alleges no non-speculative injury attributable to Dr. Shi's purported conduct.

For these independent reasons, the Court should dismiss the Complaint with prejudice and grant such further relief as the Court deems just and proper.

Dated:  October 20, 2025                    LAW OFFICES OF ANNABEL H. CHANG APC

                                            By:   /s/ *Annabel H. Chang*
                                                  Annabel H. Chang
                                                  Attorney for Defendant
                                                  CHEN SHI