UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> CHEN SHI, et al., <br><br> Defendants. | Case No. 25-cv-07105-EKL (VKD) <br><br> **ORDER RE OCTOBER 21, 2025 DISCOVERY DISPUTE AND OCTOBER 24, 2025 UPDATE** <br><br> Re: Dkt. No. 91, 105 |

The Court has reviewed the parties' October 24, 2025 update in response to the Court's October 21, 2025 order. Dkt. No. 105.[1] For purposes of the expedited discovery at issue, the Court resolves the parties' remaining disputes as follows:

**1.    Chen Shi custodial files**

No dispute. OPPO shall produce all responsive documents as represented during the October 21, 2025 hearing and in the October 24, 2025 update. Dkt. No. 105 at 2.

**2.    Zijing Zeng custodial files**

OPPO shall review all of Dr. Zeng's custodial files for responsive documents. Custodial files include Dr. Zeng's TeamTalk and email documents, as well as any other electronic files as to which Dr. Zeng is the custodian,[2] i.e. files that are not shared files in a shared repository. To identify documents from Dr. Zeng's custodial files for review, OPPO must apply: (1) its own

---

[1] The Court will issue a separate order regarding Apple's motion to seal certain exhibits (Dkt. No. 106) submitted with the parties' October 24, 2025 update.

[2] It is not clear whether the parties disagree about what counts as a "custodial" file and whether it includes documents other than TeamTalk and email. The Court would be surprised if there is really a genuine disagreement about what is custodial v. non-custodial.

search terms (as described in the October 21, 2025 discovery dispute letter) and (2) Apple's "as-narrowed" search terms, described in the October 24, 2025 update. Dkt. No. 105 at 2-3. If application of an Apple search term generates an unreasonably large number of hits, suggesting that the search term yields an unreasonably high number of false positives, the Court expects the parties to promptly confer to narrow, limit, or eliminate the search term.

### 3. Jason Liao custodial files

OPPO shall review all of Mr. Liao's custodial files for responsive documents. Custodial files include Mr. Liao's TeamTalk and email documents, as well as any other electronic files as to which Mr. Liao is the custodian. To identify documents from Mr. Liao's custodial files for review, OPPO must apply: (1) its own search terms (as described in the October 21, 2025 discovery dispute letter) and (2) Apple's search terms in Exhibit A to the October 24, 2025 update, except for any computer program file attachments that can be automatically excluded from review. *See* Dkt. No. 105 at 3; Dkt. No. 106-3; Dkt. No. 105-4 (19,000+ documents in "documents with attachments" column). Otherwise, the Court agrees with Apple's observations that Exhibit D reflects very few additional documents that require review based on application of Apple's narrowed search terms.

### 4. Jin Pi custodial files

OPPO represents that it has already applied Apple's previously requested search terms to Mr. Pi's TeamTalk and email documents for exchanges with any other OPPO custodian identified in OPPO's interrogatory responses, and that it will produce all responsive documents by October 24, 2025. Dkt. No. 105 at 3. Apple asks that OPPO also be required to apply the terms "Chen Shi" OR "CShi" OR "施辰" to Mr. Pi's TeamTalk and email documents, without limitation. *Id.* at 4.

The Court is skeptical that the broader search Apple requests will yield additional responsive documents. The only concrete justification Apple has offered for a broader search is the possibility that Mr. Pi communicated about Dr. Shi's hiring with senior executives at OPPO who are not otherwise identified custodians. *See* Dkt. No. 91 at 2. Thus, with the expectation that the number of additional documents for review will be minimal, the Court orders OPPO to apply

the search terms "Chen Shi" OR "CShi" OR "施辰" to Mr. Pi's TeamTalk and email documents for exchanges with any member of OPPO's executive team (i.e. the highest level of management) who are not otherwise among the identified custodians; OPPO need not apply these additional Apple search terms to Mr. Pi's communications with any other custodians.

### 5. Eight additional custodians

For custodians Peng, Zhang, Zhao, Xie, Li, Lai, Luo, and Yang, OPPO shall apply the search terms described in Apple's proposal at page 5 of the October 24, 2025 update to these custodians' TeamTalk and email documents. Dkt. No. 105 at 5. OPPO's obligation to review the resulting documents shall be subject to the limitations described in the bullet points in Apple's proposal. *See id.*

### 6. Non-custodial sources

The parties disagree about the extent to which OPPO is required to search non-custodial document repositories. Dkt. No. 105 at 6. For purposes of expedited discovery, the Court requires OPPO to search only the non-custodial document sources to which Dr Shi had access. *See* Dkt. No. 28 at 1, para. 1; *see also* Dkt. Nos. 30, 79. If Dr. Shi had access to the OBOX, Shimo/ODocs, HiO, and MO System sources, then OPPO must search those sources. OPPO previously represented that it applied its own search terms to the non-custodial sources to which Dr. Shi had access. Dkt. No. 91 at 4. To the extent it has not already done so, OPPO must also apply Apple's search terms in Exhibit A to the October 24, 2025 update to these same non-custodial sources. *See* Dkt. No. 106-3.

### 7. Deadline to complete production

OPPO must use its best efforts to complete its production of responsive documents from the review collection ordered above by **October 31, 2025**. However, the Court appreciates that compliance with that deadline depends on the volume of documents to be reviewed, which has not yet been determined. In the event OPPO cannot complete its production of responsive documents by October 31, 2025, it must produce documents on a rolling basis and must advise Apple **no later**

///

///

3

**than October 28, 2025** of a date certain by which OPPO will complete its production.

      **IT IS SO ORDERED.**

Dated: October 24, 2025

*Virginia K. DeMarchi*
Virginia K. DeMarchi
United States Magistrate Judge