UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC., <br>     Plaintiff, <br> v. <br> CHEN SHI, et al., <br>     Defendants. | Case No. 25-cv-07105-EKL (VKD) <br><br> **ORDER RE NOVEMBER 12, 2025 DISCOVERY DISPUTE** <br><br> Re: Dkt. No. 142 |

Plaintiff Apple Inc. ("Apple") and defendant Guangdong Oppo Mobile Telecommunications Corp., Ltd. ("OPPO") ask the Court to resolve their dispute concerning OPPO's document production. Dkt. No. 142.[1] The Court held a hearing on this dispute on November 18, 2025. Dkt. No. 161.

The parties' joint submission addresses two disputes: (1) whether OPPO has withheld from production documents that are otherwise responsive to Apple's RFPs 2 and 4 based on OPPO's unilateral determination that the documents contain information that does not qualify as trade secret; (2) whether OPPO must produce documents supporting or used to prepare its answer to Apple's Interrogatory No. 2. Dkt. No. 142 at 1. Each dispute is addressed separately below.

1. With respect to RFPs 2 and 4, for the reasons explained in more detail during the hearing, the Court is not persuaded that OPPO has used a review methodology that filters out otherwise responsive documents based on OPPO's own determination that the contents of a

---

[1] The Court will issue a separate order regarding Apple's motions to seal a portion of the discovery letter and certain appended exhibits (Dkt. Nos. 143, 144).

1  particular document are generally known to those in the relevant industry or for some other reason
2  do not qualify as "trade secret." While OPPO is not required to produce documents that are
3  obviously already public (e.g., a published article), for the avoidance of doubt the Court orders
4  that OPPO must not rely on a review methodology that filters out otherwise responsive documents
5  based on OPPO's own determination that the contents of a particular document do not qualify as
6  trade secret, and if it has used such a methodology, OPPO must immediately correct this error. If
7  they have not already done so, the Court encourages the parties to confer about specific examples
8  that Apple believes should have resulted in the production of responsive documents. *See* Dkt. No.
9  142, Exs. 3 and 4.

10  2. With respect to Interrogatory No. 2, no Rule or court order requires OPPO to produce a
11  document simply because it supports or was used to prepared OPPO's interrogatory answer.
12  OPPO does not rely on Rule 33(d), even implicitly. Apple concedes that no document request
13  requires this production. For these reasons, Apple's request for an order requiring OPPO to
14  produce these documents is denied.

15  **IT IS SO ORDERED.**

16  Dated: November 19, 2025

Virginia K. DeMarchi
United States Magistrate Judge

2