| | |
|---|---|
| Adam R. Alper (SBN: 196834)<br>adam.alper@kirkland.com<br>Laura Vartain Horn (SBN: 258485)<br>laura.vartain@kirkland.com<br>KIRKLAND & ELLIS LLP<br>555 California Street<br>San Francisco, CA 94104<br>Telephone: (415) 439-1400 | Robyn Carrico Crowther (SBN: 193840)<br>Rcrowther@steptoe.com<br>Sara Alwash Morse (SBN: 347086)<br>smorse@steptoe.com<br>STEPTOE LLP<br>633 West Fifth Street, Suite 1900<br>Los Angeles, CA 90017<br>Telephone: (213) 439-9428 |
| Michael W. De Vries (SBN: 211001)<br>KIRKLAND & ELLIS LLP<br>695 Town Center Drive<br>Costa Mesa, CA 92626<br>Telephone: (714) 982-9922 | *Attorneys for Defendant Guangdong Oppo Mobile Telecommunications Corp., Ltd.*<br><br>Randall Evan Kay (SBN: 149369)<br>rekay@jonesday.com<br>JONES DAY |
| Leslie M. Schmidt (admitted pro hac vice)<br>leslie.schmidt@kirkland.com<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022-4611<br>Telephone: (212) 446-4800 | 4655 Executive Drive, Suite 1500<br>San Diego, CA 92121<br>Telephone: (858) 314-1139<br><br>*Attorneys for Defendant InnoPeak Technology, Inc.* |
| Maria M. Beltran (SBN: 327237)<br>maria.beltran@kirkland.com<br>KIRKLAND & ELLIS LLP<br>2049 Century Park East,<br>Suite 3700<br>Los Angeles, CA 90067<br>Telephone: (310) 552-4200 | *[Additional counsel in signature page]* |

*Attorneys for Plaintiff Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>CHEN SHI, GUANGDONG OPPO MOBILE TELECOMMUNICATIONS CORP., LTD., AND INNOPEAK TECHNOLOGY, INC.,<br><br>                Defendants. | Case No. 5:25-cv-07105-EKL<br><br>[~~PROPOSED~~] ORDER<br><br>MODIFIED BY THE COURT<br><br>Re:  Dkt. No. 176 |

Pursuant to the November 25, 2025 Hearing before Magistrate Judge DeMarchi, Plaintiff Apple, Inc. ("Apple"), Defendant Guangdong Oppo Mobile Telecommunications Corp., Ltd. ("OPPO"), and Defendant InnoPeak Technology, Inc. ("InnoPeak") (collectively, the "Parties") hereby stipulate and agree as follows for purposes of expedited discovery:

1. The following seventeen (17) documents ("Seventeen Documents") are the subject of this order:

   - APL-SHI_00000746; APL-SHI_00000747; APL-SHI_00000748; APL-SHI_00000749; APL-SHI_00000750; APL-SHI_00000751; APL-SHI_00000752; APL-SHI_00000753; APL-SHI_00000754; APL-SHI_00000755; APL-SHI_00001108; APL-SHI_00003562; APL-SHI_00001024; APL-SHI_00001550; APL-SHI_00001109; APL-SHI_00001488; and APL-SHI_00005883;

I.   **PAPER COPIES**

1. On Monday, December 1, 2025, by ~~12 pm~~ 9:00 a.m. local time and until the computers in Section II are shipped, Apple shall [~~Apple's proposal:~~ make available paper copies of the Seventeen Documents at its San Francisco and Los Angeles offices for review by the individuals identified in paragraph 7 below. The same restrictions for reviewing documents on the Original K&E Source Code Computer shall apply for review of the paper copies.][1]

---

[1] Apple's position: Apple's offer to make paper copies available at its San Francisco and Los Angeles offices is to accommodate Defendants' review until the five additional review machines in paragraph 4 below are available for defendants' review. Apple did not "refuse" to make those additional laptops available by December 1; rather, Apple is providing the laptops, which need to be provisioned and prepared, as soon as it can. Making these paper copies available in Kirkland's own offices ensures the security of the documents, while providing Defendants immediate, additional opportunities to review. Defendants' specified that Ms. Bennett and Mr. Landes should have access to the paper copies due to an upcoming deposition, but both have had the ability to review the at-issue documents already (including this week and last week). Ms. Bennett works in the same building as Kirkland's San Francisco office, and Mr. Landes is located in LA, where Kirkland also has an office. Ms. Bennett has not reviewed the source code computer since November 10, and Mr. Landes has never reviewed the source code computer. Defendants' proposal, by contrast, would give Ms. Bennett and Mr. Landes full paper copies of the source code documents, without restrictions on how the documents are stored and maintained, with whom the documents may be shared, or a requirement regarding the return of the documents.

Defendants' position: Apple's offer to make additional paper copies available at its offices is not sufficient and is unreasonable given Defendants' counsel will be taking the Rule 30(b)(6) deposition of Apple's corporate designee on Apple's alleged trade secrets (and thus, these documents) on Wednesday, December 3, 2025. Thus, counsel needs reasonable access to these documents in advance of taking this deposition. Defendants requested that the Seventeen Documents be delivered on the source code laptop by Monday, December 1, 2025, which Defendants believe is reasonable given that delivery date is five days away but Apple has refused to do so. As a compromise, Defendants agreed to have only the lawyers who will be taking the Apple 30(b)(6) deposition on

1    ~~[Defendants' proposal: deliver paper copies of the Seventeen Documents to the following~~
2    ~~individuals: Ryan Landes, Quinn Emanuel Los Angeles and Jennifer Bennett, Jones Day~~
3    ~~San Franciso. The paper copies can be, at Apple's request, returned to Apple at the~~
4    ~~deposition of Mr. Land at the conclusion of his deposition.]~~

5    2. For the avoidance of doubt, no electronic or other images of the paper copies of the
6       Seventeen Documents shall be created, and the information in the paper copies of the
7       Seventeen Documents shall not be converted into any electronic format. No additional
8       copies of the paper copies of the Seventeen Documents shall be made.

9    **II.    ADDITIONAL SOURCE CODE COMPUTERS**

10   3. On or before Wednesday, December 3, 2025, Apple shall send via overnight delivery
11      source-code laptops with the Seventeen Documents to the counsel of record identified
12      below:
13         o Counsel for OPPO:
14            ▪ Lawrence Kass, Steptoe New York
15            ▪ Boyd Cloern, Steptoe Washington DC
16            ▪ Ryan Landes, Quinn Emanuel Los Angeles
17         o Counsel for InnoPeak:
18            ▪ Jennifer Bennett, Jones Day San Francisco
19            ▪ Collin Kurtenbach, Jones Day Chicago;

20   4. Upon Defendants' request, to the extent any Defendant Source Code Laptop has a
21      technical problem that interferes with counsel's ability to reasonably review the Seventeen
22      Documents, Apple must promptly attempt to resolve the issue. To the extent the issue
23      cannot be resolved in 24 hours, the parties will confer regarding alternative means of
24      review.

---

Wednesday, December 3, 2025, receive printed copies of the documents on Monday, December 1, 2025, to enable adequate preparation for the deposition. But, again Apple has refused. Apple's proposal to make printed copies only available in its own offices is not practical since counsel for OPPO will be traveling on December 2, 2025, to be able to take the deposition on December 3, 2025. Moreover, Defendants' counsel agreed to bring the printed copies with them to the deposition on Wednesday and return them to Apple at the conclusion of the deposition and will protect the documents in the meantime.

5. The documents on each Defendant Source Code Laptops shall contain associated metadata and shall be text searchable consistent with Section 9(c) of the Northern District of California Stipulated Model Protective Order for Litigation Involving Patents Highly Sensitive Confidential Information and/or Trade Secrets;

6. Outside counsel of record for InnoPeak and OPPO and the following experts—Igor Efimov, Darrin Young, Vijay Madisetti—shall be permitted to view Defendant Source Code Laptops;

7. Outside counsel of record for OPPO and InnoPeak shall keep a paper log of all persons that access Defendant Source Code Laptops or print outs provided in accordance with this section with date, name, affiliation, time in, time out, and signature;

8. Outside counsel of record for OPPO and Innopeak shall keep each Defendant Source Code Laptops in a secure, locked location at counsel's above-referenced offices without Internet access or network access to other computers;

9. Nothing shall be copied, removed, or otherwise transferred from Defendant Source Code Laptops onto any recordable media or recordable device.

10. Outside counsel of record for OPPO and InnoPeak may request from Apple a reasonable number of printed paper copies of limited portions of the Seventeen Documents that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers for purposes of filing materials electronically under seal with the Court. Apple shall make the requested printed copies available for pick up by counsel of record for OPPO or Innopeak from one of its offices in paragraph 4, as soon as possible, and no later than 24 hours after receiving the request (Requests made within 24 hours of a weekend or holiday will be made available on the next business day). Printed copies shall be stored in a secured, locked area. [Defendants' Request and Apple Opposes the following additional language: For the purposes of this provision, up to 15 contiguous pages and 100 pages total shall be deemed presumptively reasonable]2;

---

2 Apple's position: Defendants' proposed "limit" is not a limit at all, nor are they properly within the scope of what the Court ordered to be addressed. Dkt. 175. Defendants' proposal effectively permits printing of the entirety of every document (and at least 1/3 of the 300 page document), so long as Defendant "skip" every 16th

11. Outside counsel of record for OPPO and InnoPeak shall be permitted to use non-networked computers for the purpose of taking notes regarding each of the Seventeen Documents in a manner consistent with Paragraph 9.

12. In addition to the source code computer that is available at Kirkland's San Francisco office ("Original K&E Source Code Computer"), Apple shall provide a source code computer ("Additional K&E Source Code Computer"), at Defendants' election, at either the New York office of Kirkland & Ellis LLP, 655 Lexington Ave., NY, NY 10022 or the Chicago office of Kirkland & Ellis LLP, 333 W. Wolf Point Plaza, Chicago, IL 60654. The Additional K&E Source Code Computer shall have produced on it the same information that is on the Original K&E Source Code Computer and shall be subject to the same restrictions as the Original K&E Source Code Computer.

13. Apple agrees to provide five (5) paper copies of the entirety of each of the Seventeen Documents for use at the depositions of Mr. Brian Land and Dr. Majid Sarrafzadeh the day of their depositions. For any additional depositions, the Parties agree to discuss whether paper copies of the Seventeen Documents should be provided. Any paper copies used during a deposition shall be retrieved by Apple at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

---

page. In hopes that no disputes will develop, Apple proposes to omit a hard cap, but instead that the parties deal with each other reasonably in terms of limits in view of the particular document being printed. Apple has already accommodated reasonable print requests, and will continue to do so.

Defendants' position: Defendants' proposal is reasonable and meant to avoid printing disputes with Apple in the future. Apple has arbitrarily limited Defendants' requests for printing to no more than 10 pages, which is not reasonable. Defendants' proposal enables Defendants to use limited printed excerpts as needed to attach as exhibits in support of their Opposition to Apple's Motion for Preliminary Injunction.

1  Respectfully submitted,

2  Dated:    November 26, 2025

3                                                                             KIRKLAND & ELLIS LLP

4

5                                                                             By:  /s/ *Adam R. Alper*
                                                                               Adam R. Alper

6                                                                     Attorneys for Plaintiff Apple Inc.

7

8

9  Dated:    November 26, 2025

10                                                                STEPTOE LLP

11

12                                                       By:  /s/ *Robyn Carrico Crowther*
                                                       Robyn Carrico Crowther

13                                                  Attorneys for Defendant Guangdong Oppo
                                                 Mobile Telecommunications Corp., Ltd.

14

15

16  Dated:    November 26, 2025

17                                                                Jones Day LLP

18

19                                                     By:  /s/ *Jennifer D. Bennett*
                                                       Jennifer D. Bennett

20

21                                                  Attorneys for Defendant InnoPeak
                                                 Technology, Inc.

22

23

24

25

26

27

28

**ATTESTATION:** Pursuant to Local Rules 5-1(i)(3) I hereby attest that concurrence in the filing of this document has been obtained from Robyn Carrico Crowther and Jennifer D. Bennett.

      */s/ Adam R. Alper*
      Adam R. Alper

SO ORDERED, AS MODIFIED BY THE COURT.

Dated: \_\_November 26\_\_, 2025

*[signature: Virginia K. DeMarchi]*

Honorable Virginia K. DeMarchi
United States Magistrate Judge