**STEPTOE LLP**
Robyn C. Crowther (State Bar No. 193840)
*rcrowther@steptoe.com*
Sara A. Morse (State Bar No. 347086)
*smorse@steptoe.com*
633 West Fifth Street, Suite 1900
Los Angeles, CA 90071
Telephone: (213) 439-9400
Facsimile: (213) 439-9599

Boyd T. Cloern *(admitted pro hac vice)*
*bcloern@steptoe.com*
Grace Wang *(admitted pro hac vice)*
*gwang@steptoe.com*
1330 Connecticut Avenue NW
Washington, DC 20036
Telephone: (202) 429-2000
Facsimile: (202) 429-3902

**KEKER, VAN NEST AND PETERS LLP**
Andrew F. Dawson (SBN 264421)
*adawson@keker.com*
Cody Gray (SBN 310525)
*cgray@keker.com*
JiLon Li (SBN 348025)
*jli@keker.com*
633 Battery Street
San Francisco, CA 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
David Eiseman (State Bar No. 114758)
*davideiseman@quinnemanuel.com*
Victoria B. Parker (State Bar No. 290862)
*vickiparker@quinnemanuel.com*
50 California Street, 22nd Floor
San Francisco, Ca 94111
Telephone: (415) 875-6600
Facsimile: 415 875 6700

Ryan Landes (State Bar No. 252642)
*ryanlandes@quinnemanuel.com*
Patrick T. Schmidt (State Bar No. 274777)
*patrickschmidt@quinnemanuel.com*
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Counsel for*
GUANGDONG OPPO MOBILE TELECOMMUNICATIONS CORP., LTD. and ZIJING ZENG

*[Additional counsel in Motion signature page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

APPLE INC.,

Plaintiff,

v.

CHEN SHI, GUANGDONG OPPO MOBILE TELECOMMUNICATIONS CORP., LTD., INNOPEAK TECHNOLOGY, INC., and ZIJING ZENG,

Defendants.

Case No. 5:25-cv-07105-EKL

**[PROPOSED] ORDER GRANTING DEFENDANTS GUANGDONG OPPO MOBILE TELECOMMUNICATIONS CORP., LTD. AND ZIJING ZENG'S MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Date: May 27, 2026
Time: 10:00 a.m.
Courtroom: 7
Judge: The Hon. Eumi K. Lee

Trial Date: None Set

The Court, having considered Defendant Guangdong Oppo Mobile Telecommunications Corp., Ltd. ("OPPO") and Zijing Zeng's Motion to Dismiss ("Motion") Plaintiff Apple Inc.'s ("Apple") Second Amended Complaint ("SAC"), and all arguments presented by counsel, rules that the Motion is GRANTED on the following grounds:

1. The Court finds that the SAC does not identify any trade secrets with sufficient particularity, offering only generic categories of alleged trade secrets seemingly covering entire areas of smartwatch technology. Generic categorical descriptions like Apple's are insufficient to state a claim. *Vendavo, Inc. v. Price f(x) AG*, 2018 WL 1456697 at *4 (N.D. Cal. Mar. 23, 2018) (dismissing trade secret claim where plaintiff only offered "broad, categorical terms, more descriptive of the types of information that generally may qualify as protectable trade secrets than as any kind of listing of particular trade secrets [plaintiff] has a basis to believe actually were misappropriated here."); *Synopsys, Inc. v. ATopTech, Inc.*, 2013 WL 5770542, at *6 (N.D. Cal. Oct. 24, 2013) (dismissing trade secret claim because descriptions, including "proprietary input and output formats, scripts, and technical product documentation," were "too sweeping and vague"); *Nat'l Specialty Pharmacy, LLC v. Padhye*, 734 F. Supp. 3d 922, 929 (N.D. Cal. 2024) (dismissing trade secret claim because "catchall categories of the kinds of trade secrets that might be at issue," such as "vendor and partner information, proprietary formulas, business processes, pricing strategies, pricing data, marketing methods, other data, computer and software processes and systems," did not "clearly refer to tangible trade secret material as required") (internal quotations and citations omitted).

2. The Court further finds that the SAC does not adequately allege misappropriation as to Dr. Zeng. Even if Apple had adequately identified trade secrets and their disclosure by Dr. Shi, Apple has failed to allege that Dr. Zeng "knew or had reason to know before the use or disclosure that the information was a trade secret." *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 79 (N.D. Cal. 2020).

The SAC reflects Apple's third attempt to state a claim. Accordingly, IT IS HEREBY ORDERED THAT Apple's SAC as to OPPO and Dr. Zeng is DISMISSED WITH PREJUDICE.

DATED: ________, 2026

By ________________________________.
Honorable Eumi K. Lee
United States District Court Judge