UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

APPLE INC.,

　　　　　Plaintiff,

　　v.

CHEN SHI, et al.,

　　　　　Defendants.

Case No. 25-cv-07105-EKL (VKD)

**ORDER RE JANUARY 21, 2026 DISCOVERY DISPUTE RE PENG DEPOSITION**

Re: Dkt. No. 287

Plaintiff Apple Inc. ("Apple") and defendant Guangdong Oppo Mobile Telecommunications Corp., Ltd. ("OPPO") ask the Court to resolve their dispute concerning whether OPPO should be required to produce Dr. Peng for deposition, following his submission of a declaration in support of OPPO's opposition to Apple's motion for preliminary injunction. Dkt. No. 287. The Court finds this dispute suitable for resolution without oral argument. Civil L.R. 7-1(b).

The Court denies Apple's request for an order requiring OPPO to produce Dr. Peng for an individual deposition as part of expedited discovery.

## I.　BACKGROUND

The parties agree that Dr. Peng testified in a deposition on October 30, 2025 as OPPO's designee for certain topics in Apple's Rule 30(b)(6) notice. *Id.* at 1. Apple did not notice Dr. Peng's deposition in his individual capacity, although the parties appear to agree that Dr. Peng was asked questions that were not strictly within the scope of the two Rule 30(b)(6) topics for which he was designated, and that he answered those questions. *Id.* at 3, 5-6.

Apple filed its motion for preliminary injunction on November 14, 2025. Dkt. No. 155.

OPPO filed its opposition on December 19, 2025, and Apple filed its reply on January 13, 2026. Dkt. No. 215; Dkt. No. 266. Apple acknowledges that this dispute was brought to the Court's attention on January 21, 2026, more than one week after Apple had already filed its reply. Dkt. No. 287 at 3-4. However, Apple suggests that, if permitted to take Dr. Peng's deposition, it would ask the presiding judge for leave to file an amended reply brief. *Id.* at 4.

## II.    DISCUSSION

This dispute requires the Court to address several issues, including: (1) the permitted scope of expedited discovery and whether Dr. Peng's individual deposition is within the scope of that discovery, and (2) if it is not, whether the deposition should nevertheless be permitted.

### A.    Scope of Expedited Discovery

Although both Apple and OPPO refer to the "expedited discovery" permitted by the presiding judge, *see* Dkt. No. 287 at 1-2, 4, 6, their discovery dispute letter does not provide any information about the scope of expedited discovery. Nevertheless, the record makes clear that expedited discovery is limited to the discovery needed to address Apple's preliminary injunction motion.

At the outset, Apple sought expedited discovery "to determine what additional measures [beyond the court-ordered interim measures] are necessary to protect Apple's intellectual property." Dkt. No. 38 at 2. According to Apple, it served "narrowly tailored" discovery consisting of "interrogatories (4 to each defendant), requests for production (4 to each defendant), deposition notices to Drs. Shi and Zeng, and a [Rule] 30(b)(6) notice to the corporate defendants (8 topics)." Dkt. No. 38 at 8. The focus of that discovery was to learn "the full extent of Defendants' misappropriation [of Apple trade secrets and confidential information], and the full range of necessary remedial steps." Dkt. No. 38 at 8. Apple's demand for expedited discovery did not include individual depositions of any other witnesses besides Drs. Shi and Zeng, nor did it indicate that it contemplated deposing any witnesses who might file declarations in connection with briefing on its anticipated preliminary injunction motion. *See* Dkt. No. 38 at 8-10. The presiding judge's remarks during the status conference on August 29, 2025 suggest that the Court agreed with Apple's framing of the scope of expedited discovery. *See* Dkt. No. 48 at 14:7-14

United States District Court
Northern District of California

(referring to "focused discovery sufficient to understand the full scope and breadth . . . of any trade secrets which may have been misappropriated in order to protect the interests of . . . plaintiff in this case").  Thereafter, the Court set a schedule for expedited discovery, including a deadline for the completion of depositions by October 23, 2025 (later extended to October 31, 2025).  Dkt. No. 41 at 1; Dkt. No. 90 at 3.

At some point, OPPO served discovery of its own, to which Apple responded.  *See* Dkt. No. 120 at 2 ("The Court has found no prior discussion by the parties or the presiding judge of the proper scope of defendants' discovery, save for the competing views expressed in the parties' September 12, 2025 joint status report, which was filed before OPPO served any discovery. . . . Nevertheless, it appears that Apple does not disagree that OPPO may obtain some discovery on an expedited basis.").

After Apple filed its preliminary injunction motion, it made its declarants available for deposition by defendants, and Apple sought and obtained deposition testimony or additional information from some of OPPO's declarants.  Dkt. No. 287 at 2.  It appears that these depositions were conducted after the October 31, 2025 deadline by agreement of the parties.  In other words, the parties seem to have agreed to expand the scope of expedited discovery beyond Apple's initial framing to include matters defendants believed pertinent to their defenses, and they also seem to have agreed that discovery could be obtained beyond the October 31, 2025 deadline.

OPPO does not argue that Dr. Peng may not be deposed because the deadline for depositions has passed.  Rather, OPPO's principal argument is that Apple should not be permitted to depose Dr. Peng in his individual capacity because, when Apple took his deposition as a corporate representative pursuant to a Rule 30(b)(6) deposition notice, Apple could have and did ask him questions outside the scope of the notice, and he therefore answered in his individual capacity.  Dkt. No. 287 at 5-6.  Thus, OPPO argues, Apple must demonstrate a "need or good reason" to depose Dr. Peng "again."  *Id.* 4.

OPPO's principal argument is not persuasive.  Apple did not notice or take Dr. Peng's individual deposition (even if some questions strayed outside the scope of a noticed topic and may not bind OPPO), and Apple was constrained at that time by the presiding judge's orders and

3

admonishments to "focus" its discovery on what it required to file its preliminary injunction motion. Indeed, if Apple had instead decided to take Dr. Peng's individual deposition, without regard to the topics for which he was designated, OPPO likely would have objected.

Dr. Peng's individual deposition was not within the scope of expedited discovery ordered by the presiding judge. However, as the parties apparently have agreed to take the depositions of some additional witnesses as part of expedited discovery related to Apple's preliminary injunction motion, the Court will consider next whether OPPO should be ordered to produce Dr. Peng for such a deposition.

### B.    Whether Apple Needs Dr. Peng's Testimony

Apple's principal justification for seeking Dr. Peng's individual deposition testimony now is that he filed a declaration in support of OPPO's opposition to the preliminary injunction motion regarding OPPO's independent development of some of Apple's asserted trade secrets. Dkt. No. 287 at 2. Dr. Peng's declaration is based, at least in part, on documents OPPO did not produce until December 17, 2025, well after Dr. Peng's testimony as a corporate designee. *Id*. According to Apple, because OPPO relies extensively on Dr. Peng's declaration, and on new documents and information not previously available to Apple, Apple will suffer prejudice it if it is not permitted to "explore [Dr. Peng's] personal knowledge of the documents" and his "new testimony." *Id.* at 2, 3. Apple represents that it will endeavor to schedule Dr. Peng's deposition to minimize the inconvenience to him and to OPPO. *Id.* at 4.

OPPO responds that Apple should have been well aware that OPPO would pursue its "statutory defenses" to Apple's trade secret misappropriation claims, including that OPPO independently developed at least some of the alleged trade secrets, but that Apple elected not to take deposition discovery on those topics. *Id.* at 5. While OPPO acknowledges that Dr. Peng may be required to provide testimony as an individual regarding these matters at some point in the litigation, OPPO contends that this testimony should be obtained during "regular" discovery, and not as part of expedited discovery. *Id.* at 4. Finally, OPPO argues that requiring Dr. Peng to

4

United States District Court
Northern District of California

submit to a further deposition would impose a substantial burden on him, OPPO, and its counsel,[1] and that Apple's plan to seek leave to file an amended reply following such deposition would disrupt the orderly procedure the Court has established for resolving the preliminary injunction motion. *Id.* at 6.

The Court is not persuaded that Apple requires Dr. Peng's individual testimony in order to respond to OPPO's arguments that OPPO independently developed certain of the alleged trade secrets. First, Apple has already filed a reply in which it characterizes OPPO's evidence of independent development as limited to two alleged trade secrets. *See* Dkt. No. 266 at 17. Second, as to that evidence, the reply appears to comprehensively address the evidence of independent development, and Apple does not indicate that it requires additional testimony from Dr. Peng or anyone else. *See id.* at 17-18. Third, in the joint discovery dispute letter, Apple does not explain why it needs to explore Dr. Peng's "personal knowledge" of the documents cited in his opposition declaration, or how his knowledge or lack thereof with respect to those documents bears on Apple's motion.[2] *See* Dkt. No. 287 at 2.

The Court agrees with OPPO that Apple should have understood, even before it filed its preliminary injunction motion, that OPPO intended to assert that OPPO independently developed at least some of the alleged trade secrets it is accused of misappropriating. In the joint status report the parties filed on September 12, 2025 (Dkt. No. 59), two months before Apple filed its motion, OPPO stated: "Indeed, long before Dr. Shi joined InnoPeak, OPPO had its own voluminous and independent schematics and technical specifications of sensors including temperature sensors, ECG functionality and PPG sensors—features which are not unique to Apple but are ubiquitous in the category of wearable devices and beyond." Dkt. No. 59 at 19-20; *see also id.* at 20 ("OPPO has no way of knowing what [Apple's 'unreleased products'] are and how they may differ from products that OPPO itself is independently researching or developing."); *id.*

---

[1] OPPO states that Dr. Peng lives in Mainland China and would need to travel to Hong Kong SAR or another location to sit for the deposition, and his counsel would also need to travel to the same location. Dkt. No. 287 at 6.

[2] There is no indication in the docket that either party proposes to rely on live fact witness testimony at the preliminary injunction hearing or that the Court will permit such testimony.

United States District Court
Northern District of California

at 29-30 (seeking discovery of Apple's development of its alleged trade secrets, because such discovery may "show how similar features might have been developed independently, or derived from public sources"). Apple did not seek expedited discovery of this defense prior to filing its motion.

The Court notes that in the joint status report the parties filed on January 16, 2026 (Dkt. No. 274), *after* the briefing was complete on the preliminary injunction motion, Apple advised the presiding judge that its motion could be decided based on argument and the "detailed submissions provided by the Parties," and that it "does not believe witness testimony is necessary" at the hearing. Dkt. No. 274 at 1. Apple did not raise the need for additional depositions, or additional discovery of any kind, in the January 16, 2026 status report. To the contrary, in arguing against holding an evidentiary hearing, Apple informed that presiding judge: "Every witness Defendants intend to call to testify at the hearing submitted a declaration and was deposed. Accordingly, the Parties' submissions provide a sufficient basis for the Court to make an informed decision without the need for live witness testimony." *Id*. at 2. In that same status report, OPPO and InnoPeak highlighted that their defenses to Apple's motion included "that Apple's purported trade secrets consist of material that is publicly known, readily ascertainable, and/or independently developed by OPPO and InnoPeak." *Id.* at 3.

In short, while it may be possible to mitigate the substantial inconvenience and burden a further deposition of Dr. Peng would impose on the witness, OPPO, and its counsel, Apple has not demonstrated a need for Dr. Peng's individual testimony regarding the matters in his opposition declaration for purposes of the pending motion for preliminary injunction.

## III.   CONCLUSION

For the reasons explained above, the Court denies Apple's request for Dr. Peng's individual deposition as part of expedited discovery, without prejudice to Apple obtaining his deposition at a

//

//

//

//

United States District Court
Northern District of California

later point in the litigation.

**IT IS SO ORDERED.**

Dated: February 2, 2026

Virginia K. DeMarchi
United States Magistrate Judge

7