United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC.,<br>Plaintiff,<br>v.<br>CHEN SHI, et al.,<br>Defendants. | Case No. 25-cv-07105-EKL<br>**ORDER DENYING MOTIONS TO DISMISS**<br>Re: Dkt. Nos. 312, 313, 314 |

Plaintiff Apple Inc. alleges that its former employee, Defendant Chen Shi ("Dr. Shi"), surreptitiously absconded with its trade secrets relating to the Apple Watch's health-sensing technology to obtain lucrative employment with Apple's competitors. Second Am. Compl. ¶¶ 1-16, ECF No. 251 ("SAC"). Apple's competitors – Defendants Guangdong OPPO Mobile Telecommunications Corp., Ltd. ("OPPO") and InnoPeak Technology, Inc. ("InnoPeak") – allegedly recruited Dr. Shi through the efforts of Defendant Zijing Zeng ("Dr. Zeng"), the head of OPPO's health division. Dr. Zeng allegedly induced Dr. Shi to gather confidential information from his coworkers and Apple's files, then arranged for Dr. Shi to present the information to "hundreds of OPPO and InnoPeak engineers." *Id.* ¶¶ 73-102. In exchange, Defendants offered Dr. Shi employment and a generous salary. *Id.* ¶¶ 80-81, 102. Defendants vigorously contest these allegations and move to dismiss Apple's claims with prejudice. *See* ECF Nos. 312 (OPPO Mot.); 313 (InnoPeak Joinder); 314 (Dr. Shi Mot.). Having carefully reviewed the briefs and relevant authority, the Court finds this matter suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the following reasons, the motions to dismiss are DENIED.[1]

[1] This Order assumes the reader's familiarity with the facts, procedural history, applicable legal standards, and arguments made by the parties.

United States District Court
Northern District of California

**1. Apple plausibly alleges a breach of contract as to Dr. Shi.**

Apple asserts one claim against Dr. Shi for breach of contract. Apple alleges that Dr. Shi breached the Confidentiality and Intellectual Property Agreement ("IPA") that he signed as part of his employment with Apple by disclosing Apple's proprietary information to the other Defendants. SAC ¶¶ 6, 122-132. A breach of contract claim requires "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011). Dr. Shi argues that Apple fails to plausibly allege the third and fourth elements – breach and damages. Dr. Shi also contends that the IPA is void because its confidentiality obligations are so broad that it effectively restrains him "from engaging in a lawful profession, trade, or business." Cal. Bus. & Prof. Code § 16600. Each argument fails.

First, Apple plausibly alleges that Dr. Shi breached the IPA. The second amended complaint includes detailed allegations concerning the nature of the confidential information that Dr. Shi allegedly obtained from Apple and disclosed to OPPO and InnoPeak. Apple alleges that, "late at night just three days before leaving Apple, Dr. Shi downloaded *63* documents from a protected Box folder," which he transferred to a USB drive "one day before his departure." SAC ¶ 10. Apple further alleges that, to obtain more confidential information, Dr. Shi "set up and attended *dozens* of one-on-one meetings with Apple Watch technical team members to learn about their ongoing research and development efforts, including work on optical sensors, temperature sensors, and ECG sensors." *Id.* ¶¶ 9, 12. Once he left Apple, Dr. Shi allegedly presented some of the confidential information to "hundreds of OPPO and InnoPeak engineers." *Id.* ¶ 97. These allegations plausibly establish that Dr. Shi breached the IPA's confidentiality provisions.[2]

[2] To contest breach, Dr. Shi relies heavily on *KLA-Tencor Corp. v. Murphy*, 717 F. Supp. 2d 895, 907 (N.D. Cal. 2010). But in *KLA-Tencor*, the court held at *summary judgment* that the plaintiff had "not conclusively established breach of contract" where the defendant merely retained confidential information but there was "not even a suggestion in the record that [defendant] used or disclosed any confidential information." *Id.* at 907. Dr. Shi's other legal authority is similarly inapposite given Apple's detailed allegations. *See, e.g.*, *SriCom, Inc. v. EbisLogic, Inc.*, No. 12-cv-00904-LHK, 2012 WL 4051222, at *6 (N.D. Cal. Sep. 13, 2012) ("However, the Complaint does not allege any facts concerning what specific information was revealed, when, how, or to whom it was revealed[.]").

Second, Apple plausibly alleges that it will suffer damages as a result of Dr. Shi's breach. Apple alleges that it has "invested hundreds of millions of dollars to improve upon [the Apple Watch's] features and services." SAC ¶ 4. Apple's substantial investments confer competitive advantages, and these advantages depend on the information remaining confidential. *Id.* ¶ 55. Dr. Shi's alleged disclosure of Apple's confidential information therefore plausibly enables InnoPeak and Oppo "to unfairly compete against and harm Apple" and thereby undermine "Apple's success in the marketplace." *Id.* ¶¶ 93, 110.

Finally, the Court cannot conclude that the IPA is void as a matter of law. Section 16600 of the California Business and Professions Code provides that, unless an exception applies, "every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void." *Golden v. Cal. Emergency Physicians Med. Grp.*, 896 F.3d 1018, 1021 (9th Cir. 2018) (citation modified). A contract may be voided if it "imposes a restraint of a substantial character" – *i.e.*, a restraint that "significantly or materially impedes a person's lawful profession, trade, or business." *Id.* at 1024. Here, Dr. Shi contends that the IPA defines Apple's proprietary information so broadly that he "cannot practice as an engineer in the health-sensing field without violating it." Dr. Shi Mot. at 1.

However, on its face, the IPA does not restrain Dr. Shi from working in the health-sensing field – it does not even prevent him from working for OPPO or InnoPeak. *See* SAC Ex. 2, ECF No. 251-2 ("IPA"). Instead, the IPA defines proprietary information as information that is "not generally known outside Apple and/or kept confidential by Apple," and it prohibits Dr. Shi from "using or disclosing, or permitting any other person or entity to use or disclose," that information. SAC ¶¶ 62-63. Thus, the IPA is not analogous to the noncompete and confidentiality agreements that courts have voided under section 16600. *See, e.g.*, *Brown v. TGS Mgmt. Co.*, 57 Cal. App. 5th 303, 319 (2020) (voiding a "de facto noncompete provision" that would have barred the defendant "in perpetuity from doing any work in the securities field"); *Dowell v. Biosense Webster, Inc.*, 179 Cal. App. 4th 564, 577 (2009) (voiding "noncompete and nonsolicitation clauses" that were "not narrowly tailored or carefully limited to the protection of trade secrets").

By contrast, when a case is in its early stages, courts have declined to void confidentiality agreements that are narrowly tailored to protect trade secrets. *See, e.g.*, *E.D.C. Techs., Inc. v. Seidel*, 216 F. Supp. 3d 1012, 1016 (N.D. Cal. 2016); *cf. Richmond Techs., Inc. v. Aumtech Bus. Sols.*, No. 11-cv-02460-LHK, 2011 WL 2607158, at *19 (N.D. Cal. July 1, 2011). Section 16600 "evinces a settled legislative policy in favor of open competition and employee mobility," *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 946 (2008), but it does not permit departing employees to take their former employer's trade secrets with them. Accordingly, Dr. Shi's motion to dismiss is denied.

**2. Apple identifies its trade secrets with sufficient particularity.**

Defendants OPPO, InnoPeak, and Dr. Zeng jointly move to dismiss Apple's claim for trade secret misappropriation under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. §§ 1836, 1837, 1839 *et seq*. Among other elements, a plaintiff asserting trade secret misappropriation must plausibly allege that it owns a trade secret. *Navigation Holdings, LLC v. Molavi*, 445 F. Supp. 3d 69, 78 (N.D. Cal. 2020). To plausibly allege ownership of a trade secret, a plaintiff must allege that it possesses information that it has "tried to keep secret" and that "is valuable because it is unknown to others." *Quintara Biosciences, Inc. v. Ruifeng Biztech, Inc.*, 149 F.4th 1081, 1087 (9th Cir. 2025) (citation modified). At the pleading stage, the plaintiff "may not simply rely upon catchall phrases or identify categories of trade secrets." *Id.* (citation modified). However, the "DTSA does not require a plaintiff to identify with particularity its alleged trade secrets from the start." *Id.* at 1085. Whether the plaintiff has identified information "that is sufficiently particular to constitute a trade secret – information that is kept secret and derives value from not being generally known – is a question of fact," and thus "is usually a matter for summary judgment or trial." *Id*. Even at summary judgment, the plaintiff's "burden is only to identify at least one trade secret with sufficient particularity to create a triable issue." *InteliClear, LLC v. ETC Glob. Holdings, Inc.*, 978 F.3d 653, 659 (9th Cir. 2020).

Here, Apple has plausibly alleged and specifically identified ownership of at least one trade secret. The complaint goes beyond identifying generic categories of trade secrets. Instead, Apple identifies specific technology – "hardware and software implementations of sensors and

related technologies on Apple products, including temperature sensors, ECG functionality, and PPG sensors on Apple Watch" – and the types of documents that contain this information. SAC ¶ 57. Moreover, Apple identifies the specific files that contain some of its trade secrets, which Dr. Shi allegedly downloaded in anticipation of his departure from Apple. *See id.* ¶¶ 89-90, 96-97. Apple further alleges that it has made significant efforts to maintain the secrecy of this information, and that the information derives value from its secrecy. *Id.* ¶¶ 48-69. These allegations satisfy Apple's burden at the motion-to-dismiss stage.

Although Defendants may dispute that the information described in the complaint constitutes one or more trade secrets as a matter of fact, that dispute cannot be resolved at this stage. Accordingly, Defendants' motion to dismiss for failure to allege ownership of a trade secret is denied.

**3. Apple plausibly alleges indirect misappropriation as to Dr. Zeng.**

Finally, Dr. Zeng contends that Apple fails to plausibly allege that he engaged in indirect trade secret misappropriation under the DTSA. When a plaintiff asserts that the defendant obtained trade secrets indirectly – *i.e.*, from someone other than the plaintiff – the plaintiff must allege that the defendant:

> (a) knew or had reason to know before the use or disclosure that the information was a trade secret and knew or had reason to know that the disclosing party had acquired it through improper means or was breaching a duty of confidentiality by disclosing it; or (b) knew or had reason to know it was a trade secret and that the disclosure was a mistake.

*Navigation Holdings, LLC*, 445 F. Supp. 3d at 78-79. Dr. Zeng disputes that he induced Dr. Shi to misappropriate Apple's trade secrets. In his view, the complaint contains "transparent misrepresentations of fact," when the truth is "far more mundane, reflecting nothing more than standard employee recruitment." OPPO Mot. at 1.

The Court cannot accept Dr. Zeng's invitation to prematurely resolve disputes of fact. Assuming Apple's allegations are true, and making reasonable inferences in Apple's favor, the second amended complaint plausibly establishes that Dr. Zeng knew that Dr. Shi was obtaining Apple's trade secrets in violation of his confidentiality obligations to Apple. Specifically, Apple alleges that Dr. Shi told Dr. Zeng that he was reviewing "internal materials and doing a lot of 1:1

meetings in an effort to collect as much information as possible" before he departed Apple. SAC ¶ 12. Dr. Zeng allegedly affirmed this course of conduct, then encouraged Dr. Shi to disclose the claimed trade secrets to OPPO and InnoPeak employees. *Id.* ¶ 13. Dr. Zeng allegedly advertised Dr. Shi's presentation as an opportunity to learn "how Apple's sensors are developed." *Id.* ¶¶ 95-100. These allegations permit a reasonable inference that Dr. Zeng knew that Dr. Shi had obtained and was improperly disclosing Apple trade secrets. Accordingly, Dr. Zeng's motion to dismiss is denied.

***

In sum, none of the bases for dismissal of the second amended complaint are availing. Apple plausibly alleged its breach of contract claim as to Dr. Shi, it sufficiently identified ownership of at least one trade secret, and it plausibly alleged that Dr. Zeng induced misappropriation of its trade secrets. Accordingly, the motions to dismiss are DENIED. Each Defendant shall file a responsive pleading by October 21, 2026.

**IT IS SO ORDERED.**

Dated: September 30, 2026



Eumi K. Lee
United States District Judge

United States District Court
Northern District of California